UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Caption in compliance with D.N.J. LBR 9004-2(c)

Mester & Schwartz, P.C.
Jason Brett Schwartz, Esquire
Bar No. 4217
1333 Race Street
Philadelphia, PA 19107
(267) 909-9036

In Re:

DARLENE K. HASKO

Debtor

Order Filed on September 11,
2017 by Clerk U.S. Bankruptcy
Court District of New Jersey

Case No.: 16-20618-JNP

Judge: Jerrold N. Poslusny Jr.

## CONSENT ORDER MODIFYING STAY AS TO MOTOR VEHICLE
## 2014 TOYOTA COROLLA

The Relief set forth on the following pages, numbered two (2) through <u>four (4)</u> is hereby

ORDERED.

**DATED: September 11, 2017**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

2

| | |
|---|---|
| Debtor: | Darlene K. Hasko |
| Case No.: | 16-20618-JNP |
| Caption of Order: | Consent Order Modifying Stay as To Personal Property |

1. The 11 USC § 362(a) Stay as to Westlake Financial Services, its successors and/or assigns ("Creditor"), with respect to the personal property of the Debtor described as a 2014 Toyota Corolla LE Sedan 4D, V.I.N. 5YFBURHE0EP143786, in accordance with the agreement of the Debtor and Creditor, is hereby reinstated and shall remain in effect PROVIDED THAT Debtor complies with the following terms and conditions:

(a) To cure the remaining post-petition arrearage currently ripe, due and owing to Creditor, Debtor will make a payment of $418.20 by August 15, 2017 to cure the outstanding post-petition arrears; and

(c) Debtor will resume making all future regular monthly installment payments of $398.20 (subject to changes for taxes, insurance costs and late fees, if any) beginning on August 25, 2017; Debtor will timely make each payment in accordance with the terms and conditions of the loan document between Debtor and Creditor.

[This space left intentionally blank.]

3
Debtor:            Darlene K. Hasko
Case No.:          16-20618-JNP
Caption of Order:  Consent Order Modifying Stay as To Personal Property

2. Debtor will remain current on all payments ripe, due and owing under the terms of the Chapter 13 Plan. Debtors will pay Creditor as an administrative expense through the Chapter 13 Plan the sum of $531.00 for attorney's fees and costs.

3. The term "payment" as set forth in Paragraph 1, *supra*, does not include a check that is returned due to insufficient funds, account closed or is otherwise not capable of negotiation for any other reason.

4. Debtor will be in default under the Consent Order in the event that Debtor fails to comply with the payment terms and conditions set forth in Paragraph 1, *supra*. If Debtor fails to cure the default within thirty (30) days from the date of default, Creditor may apply on five days' notice to Debtor and counsel for Debtor and the Chapter 13 Trustee for an order lifting the automatic stay imposed under 11 U.S.C. § 362(a) and permitting Creditor to exercise any rights under the loan documents with respect to the motor vehicle including, but not limited to, initiating and completing a sale of the motor vehicle without regard to any future conversion of this mater to a different form of bankruptcy.

5. In the event Debtor converts to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtor shall pay all pre-petition arrears and post-petition arrears due and owing within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtor fails to make payments in accordance with this paragraph, then Creditor, through counsel, may file a Certification of Default setting forth said failure and Movant shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. §362) and the Movant is then permitted to exercise any rights under the loan

4
Debtor:            Darlene K. Hasko
Case No.:          16-20618-JNP
Caption of Order:  Consent Order Modifying Stay as To Personal Property

documents with respect to the motor vehicle including, but not limited to, initiating and completing a sale of the motor vehicle.

6. Debtor may default and cure the default under the Consent Order one (1) time. If Debtor defaults a second (2nd) time, Creditor may serve a notice of default in accordance with Paragraph 4, *supra*, but Debtor will not be granted an opportunity to cure the default.

7. The failure of Creditor to issue a notice of default will not be construed or act as a waiver of any of the rights of Creditor under the Consent Order.

8. Debtor waives the fourteen (14) day stay provided under Rule 4001(a)(3), F.R.B.P.

**We hereby consent to the form and entry of the foregoing Order.**

Rex Roldan, Esquire
Washington Professional Campus
900 Route 168, Suite I-4
Turnersville, NJ 08012
Attorney for Debtor

Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1333 Race St.
Philadelphia, PA 19107
Attorney for Westlake Financial Services

United States Bankruptcy Court
District of New Jersey

In re:
Darlene K. Hasko
    Debtor

Case No. 16-20618-JNP
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0312-1     User: admin     Page 1 of 1     Date Rcvd: Sep 11, 2017
                         Form ID: pdf903     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 13, 2017.
db          +Darlene K. Hasko,    1140 Snyder Avenue,    West Deptford, NJ 08093-1949

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                       TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 13, 2017                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 11, 2017 at the address(es) listed below:
         Denise E. Carlon    on behalf of Creditor    First Guaranty Mortgage Corporation
          dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
         Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
          summarymail@standingtrustee.com
         Isabel C. Balboa    ecfmail@standingtrustee.com,   summarymail@standingtrustee.com
         Jason Brett Schwartz    on behalf of Creditor    Westlake Financial Services
          jschwartz@mesterschwartz.com
         Joshua I. Goldman    on behalf of Creditor    First Guaranty Mortgage Corporation
          jgoldman@kmllawgroup.com,   bkgroup@kmllawgroup.com
         Michael E. Blaine    on behalf of Creditor    TD Bank, N.A. mblaine@schillerknapp.com,
          tshariff@schillerknapp.com;kcollins@schillerknapp.com
         Rex J. Roldan    on behalf of Debtor Darlene K. Hasko roldanlaw@comcast.net,
          r43760@notify.bestcase.com
                                                                                                TOTAL: 7